**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-4729**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DELSHON THOMAS HALL,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (CR-05-20)

—————————

Submitted:  May 17, 2006          Decided:  June 13, 2006

—————————

Before WILLIAMS and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, Acting United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Delshon Thomas Hall pled guilty to possession with intent to distribute at least 5 grams of cocaine base, in violation of 21 U.S.C. § 841 (a)(1)(2000). Because he had a prior drug conviction, to which he admitted, Hall was sentenced to the statutory mandatory minimum sentence under 21 U.S.C. § 851 (2000) of 120 months of imprisonment. On appeal, Hall challenges the constitutionality of § 851 after United States v. Booker, 543 U.S. 220 (2005), because § 851 allows the government to increase the maximum punishment without proving the facts supporting the increase to a jury beyond a reasonable doubt or alleging those facts in an indictment.

We find Hall's allegation that § 851 is unconstitutional foreclosed by the prior conviction exception discussed in Almendarez-Torres v. United States, 523 U.S. 224 (1998), which was reaffirmed by the Supreme Court in Booker, 543 U.S. at 244 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). See also United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.), cert. denied, ___ U.S. ___, 126 S. Ct. 640 (2005) (recognizing continuing validity of prior conviction exception).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions

- 2 -

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED